Paul C. Ulrich, *Pro Se* Plaintiff
Four Seasons Place, #2036
8 Finance Street, Central, Hong Kong
Paul_Ulrich@aya.yale.edu
Tel. (852) 6271-9384

10 February 2015 (U.S. Eastern Standard Time)

Via Electronic Case Filing ("ECF") to:

The Honorable Vernon S. Broderick, U.S.D.J.,
U.S. District Court for the Southern District of New York

Subject: Letter-Motion for Informal Conference to Compel Production of Documents
Ulrich v. Moody's Corporation *et al*, 13-CV-00008 (VSB)

Dear Judge Broderick:

In accordance with Your Honor's rules of practice on discovery disputes, as *Pro Se* Plaintiff, I
hereby submit, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, a letter-motion for a pre-
motion discovery conference to compel Moody's to produce documents in response to my
properly served request of 7 January 2015. I certify that I have repeatedly and in good faith
conferred with Moody's counsel, both by email and by phone, to get disclosure without court
action.

I. FACTUAL AND PROCEDURAL BACKGROUND

Several weeks ago, I replied to Mr. Nuccio's emailed draft confidentiality agreement by sending
him a signed copy of Judge Gardephe's model protective order, with minor additions of
references to "pro-se plaintiff", asked that he sign this, and then forward it to Your Honor. Mr.
Nuccio responded that Moody's based its draft on Judge Forrest's model protective order #2. I
said that the #2 order is inappropriate to the instant case of two vastly different parties: an
individual pro-se plaintiff versus a multinational corporation. As your Honor suggested at our
initial pretrial conference, Judge Gardephe's order seems appropriate and reasonable to address
Moody's alleged concerns. I told Mr. Nuccio I will not sign his draft. Moody's then used a lack of
a signed agreement as pretext for not producing any documents.

At just before midnight on 9 February 2015, Mr. Nuccio sent Moody's responses to my 79
detailed and specific requests for documents. For each and every request, Moody's objected,
typically with much of the following boilerplate, and sometimes even more: "Defendants object
to this Request on the grounds that it: (i) is overbroad, unduly burdensome and oppressive; (ii) is
not reasonably limited in temporal or geographic scope; (iii) is vague and ambiguous; (iv) seeks
documents and information not reasonably calculated to lead to the production of admissible
evidence and not relevant to the remaining claims or defenses of any party to this action;
(v) seeks documents and information that may be protected by the attorney-client privilege

and/or attorney work product doctrine; and (vi) seeks documents that would require the disclosure of confidential information that concerns individuals who are not parties to this action, the disclosure of which would violate the privacy interest of such individuals."

I would welcome Your Honor's comparing the content, language, and scope of requests that I made versus those of Moody's, to which I duly responded by providing the requested documents. It is unclear, for instance, how Moody's imagines that personal rights of privacy extend to employees' use of its corporate email system. On logging on to such a system, employees at Moody's, as at most big corporate firms nowadays, see warnings that no such rights exist.

As one example of its unreasonable refusal to cooperate, Moody's used all six of the above boilerplate objections to my request #46, which asks for "Documents, dated from 15 December 2007 to the present that are neither from, addressed to, or cc'ed to Plaintiff, but which mention him by "Paul Ulrich", by "Paul", by "Ulrich", and/or indirectly by any other appellation, and which (A) include Brian Cahill or John Forrey as sender or recipient, and (B) go to, or from, any of the following persons: [listing names of individuals at Moody's]..." Based on its written response, Moody's refuses to produce this category of requested documents even with a confidentiality agreement. Moody's also has not produced a privilege log, as required by Fed.R.Civ.P. 26(b)(5)(A)(ii), to assess whether its many claims of privilege have any merit.

For many of my other requests, Moody's said it would reply only if we have a stipulated agreement to protect the alleged confidentiality of the information—the very agreement that I signed and sent to Moody's on 26 January 2015, and which they signed only a few hours ago. Moreover, until today when I said I would have to ask for Your Honor's intervention, Moody's would not even answer my request in January to receive documents in native format nor reply to anything else for that matter—such as the need to use a Hong Kong form to access all ten years of my medical records in Hong Kong.

This morning I corresponded several times by email with Mr. Nuccio about my concerns. He said Moody's would not stipulate to my appearing by phone on 22 May 2015, and did not disclose whether it would agree to my request for production in native format. This evening I spoke with him by phone to go over the same matters for 30 minutes but learned little more about reasons for Moody's dilatory and uncooperative behavior. Mr. Nuccio repeated his earlier and unfulfilled claims that Moody's is in the process of reviewing documents and will get them to me on a rolling basis by "the end of next week". He did not specify when a privilege log would be forthcoming, and seemed to indicate that a response to #46 would arrive, again by "the end of next week"--language he had used before, but to no effect, with regard to initial disclosures.

II. ARGUMENT

I respectfully ask Your Honor to order Moody's to produce the requested documents and, for originals created using Microsoft software, to do so via native format, as I have done.  To confirm authenticity, native format allows for easy searching and examination of metadata such as date produced and last modified. So far, apart from the documents that Moody's attached to my Amended Complaint, Moody's has largely refrained from disclosing anything else. On 5 January 2015 and 17 January 2015, I conferred with Mr. Nuccio about this via phone and email. He said he would deliver such initial disclosures "on a rolling basis", once he had received and Bates-stamped them, but would deliver only Excel files in original format, with all others coming as PDF files. I do not believe that Moody's keeps such records as email and Word drafts as PDF

files in the normal course of its business so I am within my rights to ask for native format, as per Fed. R. Civ. P. 34(b)(2)(E)(i).

Pursuant to Fed. R. Civ. P. 1 and Fed. R. Civ. P. 26(a)(1)(E), if Moody's continues to refuse to provide requested documents or remaining disclosures, I ask that Your Honor set a time limit after which Moody's will no longer be able to present any non-disclosed information as additional evidence by which they might try to sandbag me at my deposition in March or at trial after that.

A detailed point-by-point showing of the absurdity of Moody's objections when juxtaposed against each of my requests would far exceed the allowable three-page limit of this letter. I, therefore, ask that Your Honor allow me to upload to the ECF Moody's 39 pages of boilerplate responses (next to my original requests) for your review. Alternatively, I could send this file directly via email to your Chambers.

Lastly, Your Honor's Case Management Plan and Scheduling Order (ECF 71) has scheduled a post-discovery conference for 22 May 2015. For the reasons elaborated in my Letter Motion (ECF 69) and Your Honor's Endorsed Order (ECF 70) for "case-by-case" decisions, I respectfully ask that Your Honor let me attend by phone rather than in person this post-discovery conference and any other discovery-related conferences leading up to it. On 29 January 2015, I asked Mr. Nuccio to stipulate that I may appear by phone, or if Moody's refuses to grant such a stipulation, to explain how a telephonic appearance by me would adversely affect Moody's or its defense. Moody's did not reply until today, at which point it refused, but did not say how my appearing by phone would prejudice its case.

III.   CONCLUSION

I declare, pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(c)(4), under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct, the foregoing facts are based on my personal knowledge, and I am competent to testify on all the foregoing matters. Executed on 11 February 2015 in Hong Kong (10 February U.S. time).

Respectfully submitted,

/s/ Paul C. Ulrich

Paul C. Ulrich
*Pro Se* Plaintiff

cc: Joseph A. Nuccio, Esq. (via email)