Paul C. Ulrich, *Pro Se* Plaintiff        Joseph A. Nuccio, Esq.
Four Seasons Place,                       #2036 Morgan Lewis Bockius LLP
8 Finance Street, Central, Hong Kong      502 Carnegie Center, Princeton, NJ 08540
Paul_Ulrich@aya.yale.edu                  jnuccio@morganlewis.com
Tel. (852) 6271-9384                      Tel. (609) 919-6659

8 May 2015

Via Electronic Case Filing ("ECF") to:

The Honorable Vernon S. Broderick, U.S.D.J.,
U.S. District Court for the Southern District of New York

Subject: Joint Letter on Status of the Case
Ulrich v. Moody's Corporation *et al*, 13-CV-8 (VSB)

Dear Judge Broderick:

In accordance with Your Honor's order of 1 May 2015 (ECF 84), Defendants' counsel Mr. Nuccio and I, the *Pro Se* Plaintiff, submit this joint letter on the status of the case. We certify that, in good faith, we have again conferred by phone for 1 1/2 hours and via email to reach agreement. Moody's lead counsel, Mr. Turnbull, deposed me for seven hours in New York on 30 April 2015. We have had only a cursory discussion about settlement, with my initial request equal to the total estimated damages and Moody's making no counter-offer.

A. **Plaintiff's Position**

Moody's admitted fewer than 10% of my first set of 198 requests for admissions ("RFAs") and fewer than 10% of my second set of 120 RFAs[1]; it admitted none of my requests on authenticity concerning emails via Moody's servers and items disclosed and cited in my discovery or on Moody's letterhead. This situation shows that no motion by Moody's for full or partial summary judgment is appropriate: Moody's refuses to admit material facts, and often refuses to do so, even when its own email records and files document such facts, as detailed in each RFA.

I ask the Court to deem admitted RFAs 377, 523, 525, 538, and 549, which Moody's says it can neither admit nor deny without citing any detailed reasons. See Henry v. Champlain Enters., Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("This requires the responding party to 'set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.'" (quoting Herrera v. Scully, 143 F.R.D. 545, 548 (S.D.N.Y. 1992)).

Likewise, I ask the Court to deem admitted the following RFAs, denied by Moody's: 18, 24, 29, 32, 36, 37, 74, 82, 85, 87, 107, 108, 112, 113, 116, 131, 132, 136, 140, 146, 165, 168, 182, 183, 198-200, 209, 210, 212, 213, 219-221, 225-231, 239, 241, 243, 245, 246, 248, 255, 257, 261-263, 289-290, 294, 295, 298, 303-306, 309-311, 315, 320, 329, 333, 335, 336, 347, 350, 361, 363, 382, 390-392, 397, 399, 401, 409, 413, 418, 419, 422, 425-428, 431, 435, 436, 438, 440, 441, 444, 447-449, 462, 464, 469, 471-474, 477, 478, 488, 503, 515, 516, and 569-

---

[1] On May 7th Moody's amended its responses with about 150 changes to admit an additional 20% of my two sets of RFAs or to respond evasively to what it previously denied outright.

574, 579-581, 585, 588, 590, 592-597, 599-601, 603-604, 606-607, 609, 611-613, 615, 617-626, 628-637, 639-642, 644, 647-653, 655-656, 658-675, 677, 679-688. In each of these denied RFAs, I cited previously submitted native files, with dates of creation, last modification, and transmission over Moody's own computer network, or in a few instances, such as RFA 18, 132, and 516, the web address of the self-authenticating documented source or readily ascertainable facts of typical Moody's documents. If permitted, I will file Moody's amended responses, which also purport to show the original text of each RFA that it denied in bad faith (in whole or in part), answered evasively, or refused to admit or deny.

Moody's still has not provided any of my prioritized items of ECF 78, items listed in ECF 82, or requested privilege logs. My notebook with notes for much of 2012, including the call with Forrey of 9 May 2012, remains missing after having been in Moody's custody, as do earlier notebooks left in my office. As explained in ECF 82, no sufficient response to my interrogatories has occurred. In responding to my fourth request for documents, Moody's objected to relevance for about a quarter of the 23 requests or claimed it had already provided all documents and communications asked for in the other requests.

In addition to deeming the above RFAs admitted, I ask that Your Honor (1) allow the case to proceed to trial by mid-July 2015, (2) compel sufficient responses, and (3) allow my updating evidentiary exhibits, as needed, if Moody's complies with any of your requested Order. I also ask that Your Honor require Moody's to itemize the alleged US$30,000 cost to search Cahill and Forrey's files (ECF 83 at 1) and to protect my work product from disclosure. See Morello v. James, 810 F. 2d 344, 347 (2d Cir. 1987) ("the state cannot … depriv[e] him of his *pro se* work product"); Halbach v. Boyman, 872 A. 2d 120, 124 (NJ Appellate Div. 2005) ("Boyman was acting no less as an attorney when he invoked the work product privilege simply because he was proceeding pro se"); and Otto v. Box U.S.A. Group, Inc., 177 F.R.D. 698, 699 (N.D. Ga. 1997) ("Even a non-lawyer … is entitled to invoke the work product privilege).

B. **Defendants' Position**

Defendants are prepared to file a pre-motion letter and move for summary judgment. The only remaining step needed to do so is for Plaintiff to submit his errata to the transcript of his deposition testimony (taken on April 30). Plaintiff received the transcript on May 5 (in draft) and May 6 (in final) and has advised he will submit errata on or before May 13 or whenever the Court decides is reasonable for Defendants to file their pre-motion letter on May 14.

Plaintiff also disclosed in deposition that he possesses certain documents he refuses to produce based on the work product doctrine. But a *pro se* litigant who has neither retained nor is an attorney cannot invoke that doctrine. *See Lyman v. Felter*, 2015 WL 1415270, at *3 & n.2 (N.D.N.Y. Mar. 26, 2015) (rejecting as "obviously … not applicable in this case" a *pro se* plaintiff's discovery objections based on "the attorney-client privilege and attorney's work product doctrine," because plaintiff "is not represented by an attorney"); *Kryszak v. Chase Bank USA, N.A.*, 2008 WL 822015, at *3 (W.D.N.Y. Mar. 26, 2008) (*pro se* plaintiff's arguments asserting work product privilege were rejected); *see also Svete v. Wunderlich*, 2009 WL 1687952, at *1 (S.D.Ohio June 11, 2009) (*pro se* plaintiff's invoking attorney-client privilege and work-product doctrine "lack[s] even an arguably colorable basis"); *Simmons v. Adams*, 2013 WL 2995274, at *2 (E.D.Cal. June 14, 2013) ("There is no such thing as 'pro se plaintiff work product'"). Accordingly, Defendants request an order compelling Plaintiff to produce all documents withheld as "work product."

As of this writing Defendants have produced over 10,000 pages of documents in response to Plaintiff's 134 requests for production.  Defendants are completing a final search for any remaining responsive documents they have agreed to produce (as identified in Defendants' last letter) and expect any such production to be completed before the May 22 pre-motion conference.  Defendants understand Plaintiff will not be filing any dispositive motion.

Defendants have responded to Plaintiff's voluminous 318 requests for admission (RFAs) and amended those responses to include additional admissions or partial admissions where warranted based on further investigation.  What Plaintiff calls "evasive" answers are admissions *in part*, as the vast majority of Plaintiff's RFAs are compound and/or call for admission to the content of documents *and* to Plaintiff's unsupported characterization of or speculation regarding such documents.  And contrary to his assertion in this letter, many of Plaintiff's RFAs do not cite documents at all.[2]  Those few RFAs where Defendants can neither confirm nor deny are those seeking admission of information known solely to Plaintiff and/or third parties – regarding, *e.g.*, Plaintiff's alleged job search efforts – and Defendants have stated as such in their objections.  Finally, that Defendants do not admit many of Plaintiff's RFAs has no bearing on summary judgment as those RFAs not admitted are not material, contradicted by the record, and/or baseless speculation.

An extension of discovery would only be necessary if the Court were to order Defendants to respond to discovery demands to which Defendants have objected.  Defendants will of course comply with any such order but would request a brief extension of discovery for the purpose of assembling and making such production.  While the appropriate length of such extension would depend on the breadth of production to be made, Defendants do not anticipate more than a month would be required unless such discovery is particularly burdensome (*e.g.*, e-discovery relating to multiple additional custodians).  Defendants note that the initially ordered four-month discovery period has not previously been extended despite both sides' time and resources being diverted to resolve various discovery-related and other disputes throughout this process.

III. CONCLUSION

We thank Your Honor for consideration of these requests.

Respectfully submitted,

| | |
|---|---|
| /s/ Paul C. Ulrich | /s/ Joseph A. Nuccio (with permission) |
| Paul C. Ulrich | Joseph A. Nuccio |
| *Pro Se* Plaintiff | Counsel for Defendants |

cc: Joseph A. Nuccio (via ECF and email)

---

[2] As just one example listed by Plaintiff in this letter, RFA 674 demands that Defendants admit they "showed reckless disregard as to whether [their] managers' actions toward me after my complaint of age discrimination violated U.S. law."