Paul C. Ulrich, *Pro Se* Plaintiff
Four Seasons Place, #2036
8 Finance Street, Central, Hong Kong
Paul_Ulrich@aya.yale.edu
Tel. (852) 6271-9384

13 October 2015

Via Electronic Case Filing ("ECF") to:

The Honorable Vernon S. Broderick, U.S.D.J.,
U.S. District Court for the Southern District of New York

Subject: Reading Summary-Judgment Cross-Motions as a Trial on the Papers in 13-CV-8 (VSB)

Dear Judge Broderick:

Several weeks ago, I wrote via email to Mr. Nuccio to ask if Moody's would stipulate to converting our cross-motions for summary judgment into a trial on the papers, with Your Honor deciding not only conclusions of law but also making findings of fact for all issues of liability. Mr. Nuccio acknowledged receipt of the email and said he would consult with his client, but has not replied as to whether Moody's stipulates, does not stipulate, or has no position on the matter.

**Rationale for a Trial on the Papers**

As I noted to Mr. Nuccio, (1) Your Honor's order of 15 September 2015 in ECF 130, at 1, says that you will "treat [my] opposition as a cross-motion for partial summary judgment on the issues of liability only" and (2) Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F. 3d 140, 142 (2d Cir. 1998) states that "... if the parties so stipulate, a court may conduct a bench trial based on the record compiled in summary judgment proceedings."

Moody's has previously shown its preference not to go in front of a jury for employment cases, which Moody's admitted in its response #676 to my request for admissions (ECF 89, at 35-36). Apart from the savings in cost and time for the Court, I also pointed out similar advantages to Moody's in its not having Cahill, West, and Lau come from overseas to New York to testify. In a jury trial on liability, I would call each of them as adverse witnesses. The last time I checked, all three were still in Moody's employ and based on three continents outside the U.S.: Cahill in Australia, Lau in Hong Kong, and West in London. Unlike a jury trial on liability, there would be no need for their appearance in our respective presentations to a jury on damages.

A retired federal judge has pointed out the advantages of bench trials in "Trial on the Papers: An Alternative to Cross-Motions for Summary Judgment", available at http://www.ilnd.uscourts.gov/home/Judges/DENLOW/papers.htm#N_1_ . Such advantages include the guarantee of a decision rather than possible non-decisions, lower cost, ease of scheduling, less likelihood of overturning on appeal, and final resolution by appeal rather than remand to trial. In the instant case, these advantages outweigh what the paper cites as the only potential disadvantages of waiving rights to live testimony and to a full trial or of creating a record. There would be no real downside in the instant case: (i) we would still be going before a jury in a much-abbreviated trial on damages, (ii) Moody's has made no showing of wanting

testimony from its principals—live or otherwise, and (iii) Moody's has had ample opportunity but presented no credible objections to the evidence I have presented.

This case will soon be entering its fourth year, and Your Honor has a clear, documented record of the facts. It would be a shame for you and your clerk(s) to review the thousands of pages of evidence as well as the hundreds of pages of briefs and supporting statements without, at least, some resolution. I am willing to continue prosecuting this matter for as long as it takes, but I also understand that judges give precedence to criminal cases and, in the vast majority of civil matters, do not want litigation to take up their court's scarce trial resources.

An additional argument in favor of Your Honor's finding of facts is Moody's penchant to lie about them, despite documented evidence. My reply brief will detail some of the more recent examples of this phenomenon, which—if repeated at trial—will result in numerous objections from me to prevent Moody's from misstating the record and misleading the jury. By contrast, a judge, with the time and care to sift through documents for claimed facts that do not exist, will more readily recognize a defense that collapses under scrutiny.

If Moody's does not consent to a trial on the papers for issues of liability, it should explain why. If nothing else, such a refusal would inoculate me against costs under Fed. R. Civ. P. 68 from my also declining any future Moody's settlement offer if a jury were to grant less in damages than what Moody's might have paid before trial.

**Substantial-Evidence Test as the Standard of Review for a Trial on the Papers**

Fed. R. Civ. P. 52, rather than Fed. R. Civ. P. 56, governs a trial on the papers. An appellate review of a decision rendered under Fed. R. Civ. P. 52 follows the trial standard of correction only for clear error instead of the *de novo* standard of summary judgment. With a judge as finder of fact, higher courts grant discretion to that judge's findings, and without a showing of clear error, appellate courts will not redo the time-consuming fact-finding already completed. Their granting discretion to the lower court rests on the district-level judge's finding of substantial evidence to support the case's claims.

In Ridge Rd. Fire v. Schiano, 16 N.Y.3d 494, 499 (2011), the New York State Appellate Court defined substantial evidence as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" and that "[t]he standard demands only that a given inference is reasonable and plausible" [internal citations omitted]. The U.S. Supreme Court adopted similar wording for its definition of substantial evidence in Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting from Consolidated Edison Co. v. NLRB, 305 U. S. 197, 229 (1938). See, also, (1) New York Civ. Prac. 78 § 7803 - Questions Raised: "The only questions that may be raised in a proceeding under this article are: […] whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence …" [emphasis added] and (2) Fed. R. Civ. P. 52(a) and 52 (c) on deference given by appellate review to a court's judgment on partial findings (*e.g.* for liability) in an action tried on the facts without a jury. In addition, other state appellate jurisdictions such as California use similar criteria: to pass a substantial-evidence test and thereby to enable a higher court to uphold a judge's discretionary decision as finder of fact, the evidence should be "reasonable in nature, credible, and of solid value". Howard v. Owens Corning, 72 Cal.App.4th 621, 631 (1999).

As presented in my Opposition and Cross-Motion for Summary Judgment (ECF 116-124) as well as in my forthcoming Reply brief, the documented evidence of Moody's conspiracy to defame,

and my explanations for it, meet this standard. The emails revealed by Moody's, coupled with my own evidence showing file progressions, are the civil-law equivalent of the "smoking gun" in a criminal case: they require no additional evidence, including testimony, to prove the claim. Although less than the reasonable-doubt standard needed to convict a criminal, the standard exceeds a preponderance of the evidence, particularly as Moody's has offered nothing to refute it. Likewise, in a trial on the papers, the same substantial-evidence standard would apply to my other claims of age discrimination and retaliation.

**Clarification on Timing and Form for Amending my Complaint**

I will be filing the Reply to Moody's Opposition to my Cross-Motion for Summary Judgment in accordance with the schedule in Your Honor's order of ECF 130, at 2. As a matter of procedure, if the Court also needs me to submit a proposed Second Amended Complaint with the added claims of conspiracy and defamation pertaining to Cahill and Lau, I can do that. Otherwise, my first Amended Complaint and the material regarding these claims that I provided in my Opposition to Moody's Motion for Summary Judgment can suffice.

I await Your Honor's instruction as to your preference regarding receipt of any Second Amended Complaint before, during, or after the scheduled telephonic hearing of 18 December 2015. As noted by this Circuit, "[A] pro se litigant [ ] should be given an opportunity to file an amended complaint where the seeds of a claim appear in the initial complaint" <u>Frasier v. General Elec. Co.</u>, 930 F. 2d 1004, 1008 (2d Circuit 1991).

             Respectfully submitted,

         /s/ <u>Paul C. Ulrich</u>

             Paul C. Ulrich
             *Pro Se* Plaintiff

<u>cc</u>: Joseph A. Nuccio, Esq. (via ECF, email)